*In The United States District Court for the Eastern District of Texas Tyler, Division*

*Case No. 6:14-cv-526*

*LaVita Thomas Wells;*

      *Pro Se (Plaintiff)*

*Vs.*

*Tyler Independent School District; 1-1000*

           *(Defendants)*



*Date: 2-/1/2016*

*To: The Unites States District Court for the Eastern District of Texas Tyler Division;*

    *211 W. Ferguson St.*

    *Tyler, Texas 75702*

    *Attn: The Honorable Judge: John D. Love;*

**_Plaintiff's Request the Court to ask any voir dire questions of potential Jurors and Jury Instructions._**

    *I LaVita Thomas-Wells would like to ask Judge Love to ask any potential Jurors or Alternate jurors questions to find out whether any individual on the panel have any personal interest in the case or*

*know of any reason why they cannot render an impartial verdict. Or if anyone member on the panel is related to or acquainted with any parties, lawyers, the witnesses or anyone who will appear during trial.*

*Dose any panel member have any personal prejudice, biased or feeling that might influence them in rendering a verdict and dose any juror have knowledge of the case should explain this to the judge. Also have*

*any member of the panel served together on any other jury? I have concerns of possible influences from panel members serving on a previous jury panel and not making an individual verdict.*

Rayford A. Calloway

PO Box 120272

Tyler, Texas 57712

Tyler, TX 75712-0272

903-617-8268

C/O

LaVita Thoms-Wells

4093 Hogan Dr. #4109

Tyler, Texas 75709

903-617-8268

Date: June 10, 2013

To: Texas Workforce Commission

4801 NW Loop 410 Ste # 510

San Antonio, Texas 78229

Attn: Hearing Officer M. Tucker

Dear M. Tucker,

I Rayford A. Calloway am writing this letter of rebuttal and as a witness in regards to the termination of Ms. LaVita Thomas- Wells from TISD on April 30, 2013. The statements Ms. Missy Adams made in her appeals letter are not exactly true. In her comments with TWC regarding her termination process, it is apparent that Ms. Adams left out very important parts of her conversations with Ms. Thomas-Wells and me.

I was informed by Ms. Thomas-Wills that Ms. Adams contacted Ms. Thomas- Wells on April 29th 2013 after hours around 6 or 7 pm on her cell phone. Per Ms. Thomas-Wells Ms. Adams stated that they had combined all of her sick leave, vacation time and personal days and she had no more time on the books; her only option was to resign or be terminated; she then stated to Ms. Thomas-Wells she need to bring a letter in the next day April 30, 2013 with her decision.

1

Prior to this conversation on two occasions' a few days apart on or around April 21 and April 24, 2013 the day before Ms. Thomas-Wells was to return to work from spring break. I had to rush *Mr. Thomas-Wells to the ER at East Texas Medical Center regarding two serious medical* conditions where on the second time she was admitted in the hospital and rush in for emergency surgery. Ms. Thomas-Wells was recovering from the surgery and she contacted her Supervisor Ms. Yaveta Henry. Ms. Henry stated she was sorry to hear that Ms. Wells was in the hospital and she will inform her supervisor Ms. Shoemaker.

Being that Ms. Thomas-Wells was dealing with two serious medical conditions that was unexpected and required emergency surgery; she did what was the next best thing to do; that was to contact her supervisor at TISD and she explained that she was in the Hospital.

In addition, while Ms. Thomas-Wells was in the hospital a person name Ms. Gina Mahaffey called Ms. Thomas-Wells on her cell and went over her remaining time and leave regarding her time being off from work.

Per Ms. Thomas-Wells there was other conversation with payroll regarding her time and leave and it was explained to her the amount of payment she will receive until she return back to work. *In this regard TISD was informed but failed to communicate with each other and this is part of where the confusions lies.*

Moving forward; On April 30th 2013 before Ms. Thomas-Wells and I went to TISD, we stopped by her Doctors Office to get a Doctor's excuse stating that Ms. Thomas-Wells was still under his care. Ms. Thomas-Wells was in no condition to return back to work as a bus driver monitor as was explained in the Letter Ms. Adams rejected from Ms. Thomas-Wells seeking FMLA. We explained to Ms. Adams that this letter was Ms. Thomas-Wells personal decision, **NOT** Ms. Adams decision for Ms. Thomas-Well to resign or be terminated. We explained to Ms. Adams that resigning was not in Ms. Thomas-Wells best interested.

Ms. Adams rejected the Doctors excuse stating Ms. Thomas-Wells was to be off until May 14, 2013; she also rejected the letter Ms. Thomas-Wells gave as a personal choice to request Medical Leave. I explained to Ms. Adams that we understood TISD could not hold her position open as a Bus Driver Monitor that required lifting, carrying and snapping handicapped children on the bus in their seats if needed etc. It is Common since to be expected to have the coverage for this position. It was Ms. Adams personal false opinion and missed perception that Ms. Thomas-Well expected ITSD to hold her position as a bus driver monitor dealing with handicapped children. Ms. Thomas-Wells never made this statement to Ms. Adams.

After several failed attempts of Ms. Adams trying to convince Ms. Thomas-Wells to resign her position and Ms. Adams rejected our offer to keep gainful employment with TISD which we thought would be reasonable for TIDS that after about three years of dedicated service at TISD she could be reassign to light duties within ITSD. Ms. Adams also rejected this offer. I then explained to Ms. Adams that TISD was being unreasonable to expect Ms. Thomas- Wells to be

2

intimidated or forced to make a decision to resign or be released from employment in her current condition and being under her Doctors care not being able to return back to work until May 14, 2013. On or around April 30th Ms. Thomas-Wells still had a large area of surgical staples in her stomach area.

Furthermore I stated to Ms. Adams that for TISD to expected Ms. Thomas-Wells to return back to work in this serious medical condition of riding on a School Bus that has a lot of bumping and jerking around and that required lift, carrying and snapping handicapped children in their seats was over the top of being unreasonable.

In Ms. Adams appeals statement she failed to say she told us that TISD did not have any other positions to reassign Ms. Thomas Wells that has lite duties and she could not understand why Ms. Thomas-Wells just don't resign because if she resign she will be able to come back to TISD; if she chooses to be released she will **NOT** be able to return back to TISD. I explained to Ms. Adams that we gave TISD Ms. Thomas-Wells' personal option to request FMLA and it was rejected. Again I stated that being forced to resign without being offered or reassigned to a position within TISD that has liter duties other than riding on a school bus that bumps and jerk around that requires carrying, lifting and snapping handicapped children in their seats that could reopen the surgical area was not in Ms. Thomas-Well best interest to be intimidated or forced to resign or come back to TISD to while under her Doctors care.

It was Ms. Adams' decision to releases Ms. Thomas-Wells from TISD **NOT** Ms. Thomas-Wells. TISD terminated Ms. Thomas-Wells due to Medical conditions beyond her control. The medical reasons are stated in the termination letter Ms. Adams gave Ms. Thomas-Wells on April 30, 2013. We felt it was deemed necessary to apply for employment benefits because since Ms. Adams told us that **"If Ms. Thomas-Wells is released from TISD she could NOT be rehired"**.

If there are any additional questions please feel free to call me 903-617-8268.

Best regards,

Rayfor A. Calloway

C/O

Ms. LaVita Thomas-Wells.

Ps:

Please see copies of the request for Family Leave, the termination letter and the respond to the termination letter we gave to TISD and I asked for a copy to be given to TISD Superintendent Mr. Gary Mooring, who did not respond.

3

### *Purposed Jury Panel Instruction*

*I have submitted several documentations to the courts regarding this case. The following Documentations I would like the jury panel to consider are as follows: The attached letter submitted with this*

*document dated June 10, 2013 which was sent to the Texas Workforce Commission addresses to M. Tucker as my rebuttal regarding my appeal on the unemployment benefits. Next I would like to jury panel to take*

*judicial notice to the Investigation report from the Texas Workforce Commission / EEOC with a Mailing Date 06-19-2013 see pages 1-4 which states I was terminated due to my medical condition. According to the*

*right to sue letter from the EEOC dated March 4, 2014 it is checked: The EEOC has adopted the finding of the State or local fair employment practice agency that investigated this charge. I have submitted a copy of*

*the letter to the Court regarding my second request for FMLA and request for reasonable accommodations with a copy of my Doctors note both dated April 30, 2013. Both requests were rejected by Missy Adams;*

*TISD Administer. In addition please take judicial notice to my medical records that was provided to the Court from TISD dated 04/04 2013 regarding my Admission to ETMC on 3/24/2013. This document is*

*in regards to of my treating Physicians in reference to my unexpected medical condition during the time of my unlawful termination from TIDS on April 30, 2013. Please take judicial notice to the unlawful*

*termination letter from TISD dated April 30, 2013. I was denied a second request for reasonable accommodations on this date.*

*Thank you,*

*Ms. LaVita Thomas-Wells (Plaintiff)*

*3217 Rollings Hills Dr.*

*Tyler, Texas*

*903-749-5757*